# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PATRICK NORTH and ELIA PADILLA MUNGIA,**

      **Plaintiffs,**

v.                                           **Case No:  3:11-cv-444-J-32JBT**

**MAYO GROUP DEVELOPMENT, L.L.C., LHB REALTY, L.L.C., J.M. REALTY MANAGEMENT, INC.,**

      **Defendants.**

---

## ORDER

This cause comes before the Court on a renewed Motion for Judgment as a Matter of Law (Doc. 173) filed by Defendants Mayo Group Development, L.L.C. and LHB Realty, L.L.C.; and a response (Doc. 175) filed by Plaintiffs Patrick North and Elia Padilla Mungia.

Trial was held in this case beginning on April 22, 2013 and a jury verdict was entered on April 25, 2013. (Doc. 171). The jury found in favor of Plaintiffs and awarded $46,265.00 in medical and funeral expenses, but it also found that Plaintiffs' decedent was 80% responsible for such damages. Defendants now move for judgment as a matter of law.

### I.    Standard

A court will grant a motion for judgment as a matter of law when it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue. Fed. R. Civ. P. 50; *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006) (citing *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005)).  If there is a substantial conflict in the

evidence, such that "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions," then the motion must be denied. *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995).

**II.     Analysis**

Defendants argue that there was insufficient evidence to demonstrate that their negligence was a legal cause of the decedent's death. Florida courts follow the more likely than not standard of causation in negligence actions, and require proof that the negligence probably caused the injury. *ERP Operating Ltd. P'ship v. Sanders*, 96 So. 3d 929, 932 (Fla. 1st DCA 2012), reh'g denied (Oct. 3, 2012) (citing *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984)). Therefore, the plaintiff must show that "what was done or failed to be done probably would have affected the outcome." *Id.* at 1020. Under Florida law, "it is axiomatic" that the question of proximate cause is for the jury. *Dabney v. Yapa*, 187 So. 2d 381, 383 (Fla. 3rd DCA 1966).

Defendants rely on the similarity of this case to *Sanders*, which found that although there was evidence to support an apartment complex's breach of duty to provide adequate security to residents, the court could not establish the breach was the proximate cause of the residents' murders. *Sanders*, 96 So. 3d 929 at 933. While in *Sanders* the murders took place inside the apartment unit and there was no forced entry, there was a lack of proof concerning how the assailants gained entry into the apartment. *Id.* The mystery surrounding the happenings the night of the murder led the court to conclude the plaintiff simply could not prove causation. *Id. See also Brown v. Motel 6 Operating, L.P.* 989 So. 2d 658 (Fla. 4th DCA 2008) (granting summary judgment for motel due to insufficient evidence that shooting could have been prevented with greater security).

This case is different from *Sanders*. The facts regarding how the intruders gained entrance onto the Defendants' unsecured premises are known. Plaintiffs' evidence showed that there was a reduction in security measures on the premises prior to the shooting. There was a history of criminal violence at the apartment complex. On the day of the event, no security staff was on duty and the security gates were broken. There was evidence to suggest that had reasonable security been present, the assailants might have been deterred. *See Holley v. Mt. Zion Terrace Apartments, Inc.* 382 So. 2d 98, 102 (Fla. 3rd DCA 1980) (denying summary judgment, but noting that causation could have been established had the defendant shown that "the crime would not even have been attempted in the face of the deterrent effect of such protection."). Accordingly, Defendants failed to show that the lack of security measures had no effect on the outcome of the incident.

It is therefore,

**ORDERED** that Defendant's renewed Motion for Judgment as a Matter of Law (Doc. 173) is **DENIED**. The pending ore tenus motions (Docs. 159 and 163) are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties