# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PATRICK NORTH, as personal representative of the Estate of Reynaldo Antunes Padilla, Jr., REYNALDO ANTUNES PADILLA, SR. and ELIA PADILLA MUNGIA,**

      **Plaintiffs,**

**v.**                                                             **Case No: 3:11-cv-444-J-32JBT**

**LHB REALTY, L.L.C., and J.M. REALTY MANAGEMENT, INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Additur (Doc. 181) filed by Plaintiffs Patrick North, as personal representative of the estate of Reynaldo Antunes Padilla Jr., Reynaldo Antunes Padilla Sr., and Elia Padilla Mungia. Defendants have not responded.

Trial was held in this case beginning on April 22, 2013 and a jury verdict was entered on April 25, 2013. (Doc. 171). The jury found in favor of Plaintiffs and awarded $46,265.00 in medical and funeral expenses, but it also found that Plaintiffs' decedent was 80% responsible for such damages. No damages were awarded for Plaintiffs' mental pain and suffering. Plaintiffs now move for additur, or in the alternative, for a new trial on damages.

The Court must review the amount of the damages award "to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact." Fla. Stat. § 768.74(1). Courts consider the following criteria to determine whether an award is inadequate or excessive,

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

Fla. Stat. § 768.74. "Where there is undisputed evidence supporting an award of damages and the jury fails to make such an award, it is error for the trial court to deny a motion for additur." *Ortlieb v. Butts*, 849 So. 2d 1165, 1167 (Fla. Dist. Ct. App. 2003) (citing *Aurbach v. Gallina,* 721 So.2d 756, 758 (Fla. 4th DCA 1998)). "On the other hand, where the evidence is conflicting and the jury could have reached its verdict in a manner consistent with the evidence, it is error for the trial court to veto the jury verdict by granting a motion for additur." *Id*. (citing *Airstar, Inc. v. Gubbins,* 668 So.2d 311, 313 (Fla. 4th DCA 1996)). *See also, Taylor v. Otter Tail Corp.*, 484 F.3d 1016, 1020 (8th Cir. 2007) (determination of the amount of damages is clearly within the province of the jury).

Plaintiff contends that the failure to award any damages for Plaintiffs' mental pain and suffering is inadequate because the "only evidence in this case was that the surviving parents suffered mental pain and suffering as the result of their son's untimely death." (Doc. 181 at 5). In support, Plaintiffs cite dozens of cases in which a jury awarded damages for pain and suffering to survivors. (*See* Doc. 181 at 5-8). Their theory appears to be that since Defendants offered no affirmative evidence to rebut the parents' testimony, the jury was required to award pain and

suffering damages. Defendants, however, are not required to offer affirmative proof because Plaintiffs bear the burden of proving damages at trial. Evidence in this case suggested that there was very little contact between decedent and his parents—a phone call once per week at most. Moreover, "mental pain and suffering" is inherently subjective and the parents did not testify at trial; their depositions were read to the jury. *See Georgia S. & F. Ry. Co. v. Perry*, 326 F.2d 921, 926 (5th Cir. 1964) ("determining the amount of the award is left to the discretion of the jury unless clearly arbitrary or so great as to be shocking to the judicial conscience or indicate that the jury was influenced by prejudice or passion." (citing *Coast Cities Coaches, Inc. v. Donat*, 106 So. 2d 593, 597 (Fla. 3d DCA 1958)). An award of zero damages for pain and suffering is not inconsistent with this evidence and Plaintiffs make no other argument in support of their motion. It is therefore,

**ORDERED** that Plaintiffs' Motion (Doc. 181) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties