# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PATRICK NORTH as personal representative of the Estate of Reynaldo Antunes Padilla, Jr., ELIA PADILLA MUNGIA, and REYNALDO ANTUNES PADILLA, SR.**

    **Plaintiffs,**

v.                                                                           **Case No: 3:11-cv-444-J-32JBT**

**LHB REALTY, L.L.C., and J.M. REALTY MANAGEMENT, INC., d/b/a The Mayo Group,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Tax Costs and Fees (Doc. 176) filed by Defendants Mayo Group Development, L.L.C. ("Mayo") and LHB Realty, L.L.C. ("LHB"); and a response (Doc. 183) filed by Plaintiffs Patrick North, Reynaldo Antunes Padilla, Jr., Elia Padilla Mungia, and Reynaldo Antunes Padilla, Sr.

    **I.    Background**

Trial was held in this case beginning on April 22, 2013 and a jury verdict was entered on April 25, 2013. (Doc. 171). The jury found in favor of Plaintiffs and awarded $46,265.00 in medical and funeral expenses, but it also found that Plaintiffs' decedent was 80% responsible for such damages. The court entered a final judgment on April 26, 2013, ruling that Plaintiffs were entitled to recover damages from Defendant LHB Realty, LLC and J.M. Realty Management, Inc. ("JM"), in the amount of $4,626.50 (Doc. 172). Defendants now move for attorney's fees pursuant to Florida's "offer of judgment" statute which provides, in relevant part,

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . .

Fla. Stat. § 768.79(1). LHB served Plaintiffs with a written Proposal for Settlement (the "Proposal") on January 10, 2012. It states, in relevant part,

1. Defendant, LHB Realty, LLC hereby offers to pay on the claims of Plaintiff, Patrick North, as Personal Representative of the Estate of Reynaldo Antunes Padilla, the sum of One Hundred Thousand and One Dollars ($100,001.00), inclusive of all costs and fees accrued, in full settlement and satisfaction of all claims of Plaintiff Patrick North, as Personal Representative of the Estate of Reynaldo Antunes Padilla, arising from the above-captioned lawsuit and the damages pertaining thereto described in the operative Amended Complaint filed herein.

2. A condition of this offer is that Plaintiff will execute a Release. Said Release shall provide that Plaintiff shall be responsible and hold harmless Defendant LHB Realty, LLC, for Reynaldo Antunes Padilla's past medical expenses and any liens, or rights of subrogation.

3. An additional condition of this offer is that Plaintiff will also dismiss his claims against Mayo Group Development, LLC, LHB Realty, LLC and JM Realty Management, Inc. with prejudice.

Plaintiffs contend the Proposal is invalid and Defendants' costs and fees are not recoverable.

### I.     Analysis

Plaintiffs first argue that the Proposal fails to differentiate the settlement amount among each of the Plaintiffs. It is true that each party who receives an offer of settlement is entitled to evaluate the offer as it pertains to him or her, and when a lack of apportionment between offerees prevents them from evaluating the offer independently, the joint offer is unenforceable. *C & S Chemicals, Inc. v. McDougald*, 754 So. 2d 795, 797 (Fla. 2d DCA 2000). However, a defendant

need not apportion a proposed settlement when a personal representative is acting on behalf of the estate and survivors. *Dudley v. McCormick*, 799 So. 2d 436, 441 (Fla. 1st DCA 2001). Since Plaintiff Patrick North is the personal representative of the estate, LHB was not required to apportion the settlement amount among the Plaintiffs.

Plaintiffs insist that the Proposal was a "joint proposal" by all the Defendants, since it expressed that LHB, Mayo and JM would be dismissed with prejudice. See *Arnold v. Audiffred*, 98 So. 3d 746, 749 (Fla. 1st DCA 2012) (finding offer was a joint proposal since it offered both appellees to dismiss their claims against appellant). Plaintiffs also argue that since the Proposal was a joint proposal, it should have specified the settlement amounts contributed by each of the Defendants. However, the Proposal was not a joint proposal. The Proposal was made by LHB and the dismissal of claims against JM and Mayo were merely conditions of the Proposal, not an attempt to modify the Proposal to be a joint proposal by LHB, JM and Mayo. See *Alioto-Alexander v. Toll Bros., Inc.*, 12 So. 3d 915 (Fla. 4th DCA 2009) (concluding that dismissal of the entire suit, including claims against employee, was simply a condition of the settlement proposal and did not serve to transform the proposal into one made by multiple offerors).

Plaintiffs further contend that the Proposal is ambiguous. Under Florida law, a proposal for settlement must "state with particularity all nonmonetary terms of the proposal." Fla. R. Civ. P. 1.442; *State Farm Mut. Auto. Ins. v. Nichols*, 932 So. 2d 1067, 1078 (Fla. 2006). A release included in such a proposal must "eliminate any reasonable ambiguity about its scope." *Id.* at 1079; *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002). The Florida Supreme Court explained, however, that,

> ... given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without

> needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

*Nichols*, 932 So. 2d at 1079.

Plaintiffs rely on *Saenz v. Campos*, which involved a clearly ambiguous settlement proposal, because one paragraph stated the proposal was intended to "resolve *all claims*" and another paragraph stated "in full settlement of the claims *raised in the suit*." *Saenz v. Campos*, 967 So. 2d 1114, 1115 (Fla. 4th DCA 2007) (emphasis added). However, there is no such ambiguity in the Proposal in this case. LHB's intentions to settle "all claims of Plaintiff Patrick North . . . arising from the above-captioned lawsuit" are clear from the Proposal.

Plaintiffs also rely on *Nichols*, which involved an insurance dispute between State Farm, and its insured Nichols. *Nichols*, 932 So. 2d 1067, 1078. Nichols was injured in a car accident and sued State Farm for unpaid personal injury protection (PIP) benefits. While the suit was pending, State Farm served Nichols with a proposal for settlement which included a release. The proposal required that Nichols "execute a General Release in favor of State Farm, which will be expressly limited to all claims, causes of action, etc., that have accrued through the date of Nichols's acceptance of this Proposal." *Id.* at 1071. At the time of the proposal however, Nichols "also had an outstanding uninsured motorist ("UM") claim arising from the same accident . . . . Fearing that the release would extinguish both the PIP claim and the UM claim, Nichols rejected the offer. State Farm later claimed that it did not intend for the release to extinguish the UM claim." *Id.* The Florida Supreme Court held that the proposal was ambiguous because it did not clarify which outstanding claim would be extinguished. *Id.* at 1080. This case is different. Plaintiffs failed to cite any outstanding claims that would have affected their decision to accept or reject the Proposal.

Plaintiffs argue that pursuant to *Nichols*, the mere use of broad phrases such as "all claims, causes of action, etc." is ambiguous. While such general releases can be broad when read in isolation, the question is whether a fair reading of the Proposal as a whole is ambiguous. *U.S. Specialty Ins. Co. v. Burd*, 6:09-CV-231-ORL-31, 2012 WL 3242997 (M.D. Fla. Aug. 8, 2012). As a whole, the Proposal is sufficiently clear and definite. There is no ambiguity that could have reasonably affected the Plaintiffs' decision.[1]

It is therefore,

**ORDERED** that Defendants' Motion to Tax Costs and Fees (Doc. 176) is **GRANTED**. It is further **ORDERED** that if Plaintiffs contest the amount of fees and costs claimed by Defendants, they shall file opposition papers by June 18, 2013.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiffs make no other meritorious arguments.