# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PATRICK NORTH and ELIA PADILLA MUNGIA,**

      **Plaintiffs,**

**v.**     Case No:  3:11-cv-444-J-32JBT

**MAYO GROUP DEVELOPMENT, L.L.C., LHB REALTY, L.L.C., J.M. REALTY MANAGEMENT, INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Taxation of Costs (Doc. 179) filed by Plaintiffs Patrick North, as personal representative of the estate of Reynaldo Antunes Padilla, Elia Padilla Mungia, and Reynaldo Antunes Padilla; and a Response (Doc. 185) filed by Defendants Mayo Development Group, LLC, and LHB Realty, LLC, and J.M. Realty Management.

Trial was held in this case beginning on April 22, 2013 and a jury verdict was entered on April 25, 2013. (Doc. 171). The jury found in favor of Plaintiffs and awarded $46,265.00 in medical and funeral expenses, but it also found that Plaintiffs' decedent was 80% responsible for such damages. The Court entered a final judgment on April 26, 2013, in favor of Plaintiffs in the amount of $4,626.50 (Doc. 172). Plaintiffs now move for $52,272.38 in costs.

Even in diversity cases, the taxation of costs by a federal court is controlled by federal rather than state law. *See Wendel v. USAA Cas. Ins. Co.,* No. 8:08–cv–536–T–23EAJ, 2009 WL

1971451, at *2 (M.D. Fla. July 8, 2009). Pursuant to 28 U.S.C. § 1920, a court may award the following costs:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under 28 U.S.C. § 1923;

(6)   Compensation of court appointed experts, interpreters, and special interpretation services.

28 U.S.C. § 1920. A court cannot award costs other than those listed in 28 U.S.C. § 1920 unless authorized by another statute. *United States E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000). In addition, a court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp. 2d 1328, 1340 (M.D.Fla.2002). When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *not followed on other grounds by EEOC v. W & O, Inc.*, 213 F.3d 600 (11th Cir. 2000).

Defendants admit that $5,916.78 are taxable as costs for Plaintiffs.[1] (Doc. 185 at 8). That amount includes, however, $2,000 in expert witness fees for Paul Kastes, which are not

---

[1] Defendants' argue that Plaintiffs' Motion should be denied in its entirety because it fails to apportion costs between the parties, but they cite no authority for this proposition. Instead, Defendants cite a Florida case where a court reversed a trial court order granting attorney's fees because the moving party failed to distinguish between claims. *Ocean Club Cmty. Ass'n, Inc. v.*

permitted under federal law. See 28 U.S.C. § 1920; 28 U.S.C.A. § 1821; *Kearney v. Auto-Owners Ins. Co.*, 8:06-CV-00595-T-24, 2010 WL 3062420 (M.D. Fla. Aug. 4, 2010). Accordingly, Plaintiffs may recover $3,916.78 in costs. (*See* Doc. 185 at 8).

It is therefore,

**ORDERED** that the Motion (Doc. 179) is **GRANTED IN PART**, such that Plaintiffs, Patrick North, as personal representative of the estate of Reynaldo Antunes Padilla, Elia Padilla Mungia, and Reynaldo Antunes Padilla, are entitled to an award of costs against Defendants LHB Realty, LLC and JM Realty Management, Inc., in the amount of $3,916.78.[2]

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

*Curtis*, 935 So. 2d 513, 516 (Fla. 3d DCA 2006) (citing *Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc.,* 779 So. 2d 558, 559 (Fla. 5th DCA 2001) (citing *Plapinger v. E. States Props. Realty Corp.,* 716 So. 2d 315 (Fla. 5th DCA 1998))).

[2] Since Mayo Development Group was dismissed at trial, Plaintiff is not entitled to fees as to it.