# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PATRICK NORTH and ELIA PADILLA MUNGIA,**

      **Plaintiffs,**

v.                                             **Case No:  3:11-cv-444-J-32JBT**

**MAYO GROUP DEVELOPMENT, L.L.C., LHB REALTY, L.L.C., J.M. REALTY MANAGEMENT, INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Tax Costs and Fees (Doc. 176) filed by Defendants, Mayo Development Group, LLC, and LHB Realty, LLC, and J.M. Realty Management, and a response thereto (Doc. 193) filed by Plaintiffs Patrick North, as personal representative of the estate of Reynaldo Antunes Padilla, Elia Padilla Mungia, and Reynaldo Antunes Padilla.

On January 12, 2012, LHB served Plaintiffs with a written proposal for settlement pursuant to Florida Statute § 768.79(1). Trial was held in this case beginning on April 22, 2013 and a jury verdict was entered on April 25, 2013. (Doc. 171). The jury found in favor of Plaintiffs and awarded $46,265.00 in medical and funeral expenses, but it also found that Plaintiffs' decedent was 80% responsible for such damages. The Court entered a final judgment on April 26, 2013, in favor of Plaintiffs in the amount of $4,626.50 (Doc. 172).[1]

---

[1] Since Mayo Development Group was dismissed during trial, judgment was entered

Pursuant to Florida's Offer of Judgment Statute, Fla. Stat. § 768.79(1), Defendants filed a Motion for Taxation of Costs in the amount of $54,414.72 and fees of $89,980.50. (Doc. 176). On June 4, 2013, the Court granted Defendants' Motion as to their entitlement to fees and costs and gave Plaintiffs until June 18, 2013 to contest the amount thereof. (Doc. 191).[2] On June 18, 2013, Plaintiffs filed their response contesting the amount of costs claimed by Defendants (Doc. 193). Plaintiffs do not contest the fees sought by Defendants.

Even in diversity cases, the taxation of costs by a federal court is controlled by federal rather than state law. *See Wendel v. USAA Cas. Ins. Co.,* No. 8:08–cv–536–T–23EAJ, 2009 WL 1971451, at *2 (M.D. Fla. July 8, 2009). Pursuant to 28 U.S.C. § 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923;

(6) Compensation of court appointed experts, interpreters, and special interpretation services.

28 U.S.C. § 1920. A court cannot award costs other than those listed in 28 U.S.C. § 1920 unless authorized by another statute. *United States E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000). In addition, a court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp. 2d 1328, 1340

---

against LHB and JM Realty.
[2] Although the Motion was filed on behalf of all Defendants, the offer was made by LHB. Thus, costs and fees under the statute are due only to LHB.

(M.D.Fla.2002). When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *not followed on other grounds by EEOC v. W & O, Inc.*, 213 F.3d 600 (11th Cir. 2000). *See also*, *Kearney v. Auto-Owners Ins. Co.*, 8:06-CV-00595-T-24, 2010 WL 3062420 (M.D. Fla. Aug. 4, 2010).

**Travel Expenses**

Defendants claim $3,210.16 in attorney travel expenses, which are not recoverable under § 1920. *George R. Hall, Inc. v. Superior Trucking Co., Inc*., 532 F.Supp. 985 (N.D. Ga. 1982); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975); *Wright and Miller*, Fed. Prac. & Proc. Civ. § 2677 (3d ed.).

**Photocopying and Printing**

Under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.,* 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000) (citing *W & O,* 213 F.3d at 623). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.* "Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Corsair Asset Mgmt. ., Inc. v. Moskovitz,* 142 F.R.D. 347, 352 (N.D.Ga.1992); *accord Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994) (disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use); *see also Scelta v. Delicatessen Support Servs. Inc.,* 203 F.Supp.2d 1328, 1340-41 (M.D.Fla.2002) (holding that "since the defendants have not described the photocopying costs sufficiently to permit a determination of

which photocopies were necessarily obtained for the use in this case, reimbursement for photocopying costs is rejected in its entirety); *Helms v. Wal-Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D.Ga.1992) ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made."). *Young v. Eslinger*, 6:04CV1830-ORL-31KRS, 2008 WL 824219 (M.D. Fla. Mar. 25, 2008).

Defendants failed to produce adequate documentation to show that the copies at issue were necessary. At $.15 per page, Defendants would have made more than 14,000 pages of copies to incur a copy cost of $2,174.17. Lacking evidence to the contrary, the Court cannot reasonably conclude that all of these copies were necessarily obtained, rather than obtained for the convenience of counsel. Accordingly, copy and printing costs taxed will be reduced to $1,000.00.

**Subpoena Service Fees**

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *United States EEOC v. W & O, Inc.,* 213 F.3d 600, 624 (11th Cir. 2000). Such fees, however, should not exceed the marshal's fees authorized in § 1921. *See id.* (citing *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996)). For personal service of process, the United States Marshals Service generally charges $55.00 per hour (or portion thereof), plus travel costs and other expenses. *See* 28 C.F.R. § 0.114(a)(3). Fees for service of subpoenas by private process servers are similarly recoverable. *See, e.g., Spatz v. Microtel Inns & Suites Franchising, Inc.*, 11-60509-CIV, 2012 WL 1587663 (S.D. Fla. May 4, 2012); *Dominguez v. Metro. Miami–Dade Cnty.,* 2005 WL 5671449, at *3 (S.D. Fla. Apr. 15, 2005) (allowing recovery of $60.00 for service of three subpoenas); *For Play Ltd. v. Bow to Stern Maint., Inc.,* 2006 WL 3662339, at * 13 (S.D. Fla. Nov. 6, 2006) (permitting recovery of $44.00 for service of subpoena).

Defendants seek to tax the costs of serving six subpoenas, only one of which exceeds $55.00. Plaintiffs seek to reduce the amount taxed for that subpoena from $90.00 to $55.00. Lacking evidence to the contrary, the Court will sustain the objection and reduce the amount taxed for service fees to $250.00.

**Private Investigation Fees**

Defendant seeks to recover $545.00 in costs for "private investigations." This Court and others have held that such fees are not taxable as costs under § 1920. *Diamond Heads, LLC v. Everingham*, 8:07-CV-462-T-33TBM, 2011 WL 3269685 (M.D. Fla. July 29, 2011); s*ee also U.S. v. Adkinson,* 256 F.Supp.2d 1297, 1323 (N.D.Fla.2003) (citing *Tinch v. Dayton,* 199 F.Supp.2d 758, 759 (S.D.Ohio 2002) ("private investigation services are not taxable as costs")). Accordingly, the Court will sustain Plaintiffs' objections with respect to these costs.

**Deposition Transcripts**

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," which includes the costs of deposition transcripts. 28 U.S.C. § 1920(2); *W & O, Inc.,* 213 F.3d at 620; *Maris Distrib. Co. v. Anheuser-Busch, Inc.,* 302 F.3d 1207, 1225 (11th Cir. 2002). Similar to copy and printing costs, costs for deposition transcripts are taxable only if the deposition was "necessarily obtained" for use in the case. *W & O, Inc.,* 213 F.3d at 621. "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D. Ga. 1992)). District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Newman v. A.E. Staley Mfg. Co.,* 648

F.2d 330, 337 (5th Cir. 1981). *Young v. Eslinger*, 6:04CV1830-ORL-31KRS, 2008 WL 824219 (M.D. Fla. Mar. 25, 2008).

Defendants list three deposition transcripts at a total cost of $578.74, but there is no evidence for the Court to determine whether these transcripts were necessarily obtained for use in this case—the entries do not list which deposition was being transcribed. Therefore, no costs will be allowed for this expense.

### Expert Witness Fees

Defendant also seeks to recoup expert witness fees in the amount of $47,759.16 ($12,379 for Bruce A. Jacobs and $35,380.16 for the Reisch Consulting Group). Unless an expert is court-appointed, however, expert witness fees cannot be taxed in excess of the $40-per-day limit set out in § 1821(b), in addition to travel expenses. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). *See also*, *Kearney v. Auto-Owners Ins. Co.*, 8:06-CV-00595-T-24, 2010 WL 3062420 (M.D. Fla. Aug. 4, 2010). Defendants' experts spent two days each, one at deposition and one at trial, justifying total costs of $160.00. The total amount of travel expenses for both experts is $428.74. Plaintiffs' objection is sustained; expert witness costs will be limited to $588.74.

### Miscellaneous Costs

Finally, Plaintiff objects to Defendants claim for $628.20 in online research costs and a vague entry of $149.73 for "Arbitrators/Mediators John M. Howell – attend pretrial conference in Orlando, FL." Research fees are not recoverable under section 1920, *Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008), nor is a vague "Arbitrators/Mediators" expense. Plaintiffs' objections to these costs are sustained.

**Recoverable Fee and Cost Summary.**

Defendant, LHB, is entitled to the following award of attorney's fees and taxable costs:

| | |
|---|---|
| Photocopying and Printing | $1,000.00 |
| Service of Process | $250.00 |
| Witness Expenses | $588.74 |
| Total Costs | $1,838.74 |
| Plus Attorney's Fees (uncontested) | $89,980.50 |
| **Total costs and fee award** | **$91,819.24** |

It is therefore, **ORDERED** that Defendants' Motion (Doc. 176), is **GRANTED IN PART**, such that Defendant LHB Realty, LLC, is entitled to an award of fees and costs against Plaintiffs in the amount of $91,819.24.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties